IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANITA ROBINSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-1332 |
| | § | |
| CBOCS INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

Pending before the court is defendant CBOCS, Inc.'s ("Cracker Barrel") motion for summary judgment (Dkt. 18). Plaintiff Anita Robinson has not responded to Cracker Barrel's motion. After considering the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

In this premises liability case, Robinson alleges that she slipped at a Cracker Barrel restaurant. As a result of the fall, Robinson alleges that she severely injured her leg. Cracker Barrel argues that Robinson has not presented evidence supporting each of the required elements of her claim.

**II. LEGAL STANDARD**

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

As a Cracker Barrel invitee, Robinson must show that (1) Cracker Barrel had actual or constructive knowledge of a condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) Cracker Barrel did not exercise reasonable care to reduce or eliminate the risk; and (4) Cracker Barrel's failure to use such care proximately caused Robinson's injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). Robinson can show actual or constructive knowledge by showing that "(1) [Cracker Barrel] placed the substance on the floor; (2) [Cracker Barrel] actually knew that the substance was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Robinson has not presented any evidence that Cracker Barrel placed a substance on the floor or knew or should have known that the substance was there. In fact, Robinson's own deposition testimony indicates that she did not know what substance she slipped on, how long it had been there, or how it got there. *See* Dkt. 18 at 5. Because Robinson has not presented any evidence that Cracker Barrel placed the substance on the floor or knew it was there, she has to prove that whatever she slipped on had been on the floor for a sufficient period of time such that Cracker Barrel would have had a reasonable opportunity to discover it. *Wal-Mart*, 81 S.W.3d at 814. This "time notice rule" requires temporal evidence that indicates how long the substance was there. *Id*. at 816. Robinson

has not presented any temporal evidence, and she admits that she does not know how long it was there. *See.* Dkt. 18 at 5. Because there is no evidence to establish actual or constructive knowledge, Robinson cannot recover under a theory of premises liability, and Cracker Barrel is entitled to summary judgment.

## IV. Conclusion

Because Robinson has not presented any evidence of Cracker Barrel's liability, Cracker Barrel is entitled to summary judgment on Robinson's claims. Cracker Barrel's motion for summary judgment (Dkt. 18) is GRANTED. Robinson's claims are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on April 21, 2015.

_____
Gray H. Miller
United States District Judge